**Norman R. HARRINGTON, Plaintiff,**

v.

**R. Christopher ALMY, et al., Defendants.**

**Civ. No. 89–207–B–C.**

United States District Court, D. Maine.

April 1, 1993.

Warren M. Silver, Bangor, ME, for plaintiff.

Vernon I. Arey, Waterville, ME, for defendants.

### MEMORANDUM OF DECISION AND ORDER ON PLAINTIFF'S SECOND MOTION TO AMEND COMPLAINT

GENE CARTER, Chief Judge.

The Court has before it for action at this time Plaintiff's Second Motion to Amend the

January Billing:

| Attorney Rousseau | 119.9 hours @ $ 92/hour | = | $11,030.80 |
| Attorney Cox | 43.7 hours @ $140/hour | = | $ 6,118.00 |
| Attorney Davis | 10.8 hours @ $ 76/hour | = | $ 820.80 |
| Attorney AMC | 11.0 hours @ $ 84/hour | = | $ 924.00 |
| Attorney Kurtz | .5 hours @ $ 76/hour | = | $ 38.00 |
| | | | $18,931.60 |

$$\begin{array}{r} \$11,138.40 \\ + \quad \$18,931.60 \\ \hline \$30,070.00 \times .25 = \$ 7,517.50 \end{array}$$

Complaint (Docket No. 89), to which Defendants Cole and City of Old Town (hereinafter "Old Town") have objected by a written objection in the form of a Memorandum of Law (Docket No. 96). The Court has carefully reviewed the written submissions on the subject motion. The Court has been thoroughly familiar with the progress of this case over a long period of time. It has reviewed, in connection with its present decision, all of the filings in the case since the filing of Defendants' Motions for Summary Judgment.

The case has recently been the subject of an Opinion on Appeal (Docket No. 79) by the First Circuit Court of Appeals. *Harrington v. Almy*, 977 F.2d 37 (1st Cir.1992). The effect of that opinion is to establish that, in the view of the Court of Appeals:

> This is the unusual case in which the question whether a constitutional right has been violated and the question whether that right was clearly established are essentially coincident. It was clearly established as of 1989 that an unreasonable intrusion by the state upon the bodily integrity of an individual would be a violation of substantive due process rights. Whether the intrusion here was unreasonable is a matter for a finder of fact at trial. This cannot be decided on the summary judgment record before us. "[W]hen only a fact finder's determination of the conflicting evidence as to the underlying historical facts will permit resolution of the immunity issue ... summary judgment ceases to be an appropriate vehicle." *Prokey v. Watkins*, 942 F.2d 67, 73 (1st Cir.1991). While the underlying antecedent facts genuinely in dispute here regarding the availability of immunity are not, strictly speaking, historical—but rather go to the nature of the plethysmograph, its acceptability among mental health professionals and the public and alternative evaluative procedures—the principle remains that summary judgment is not the appropriate vehicle for their resolution. Consequently, the summary judgment granted Cole must be reversed.

*Harrington*, 977 F.2d at 45. The factual issue to be resolved to determine whether a clearly established constitutional right has been violated in this case is whether the conduct of Defendants Cole and Old Town was "an unreasonable intrusion by the state upon the bodily integrity" of Plaintiff Harrington. This issue the Court characterized as one of fact and *held* that Plaintiff was entitled to a jury determination of that issue.

Plaintiff now seeks to amend the Complaint to abandon the theory of the original Complaint and the First Amended Complaint, that the violation of Plaintiff's bodily integrity came about as a result of a conspiracy between Defendant Cole and Defendant Almy, the prosecutor who has now been found to be shielded from liability herein by prosecutorial immunity. *Id.* at 40–42.[1] De-

---

1. The case comes to this juncture by a curious train of events. All the original Defendants in the case filed Motions for Summary Judgment on all issues in the case. Those motions were the subject of the Recommended Decision on Defendants' Motions for Summary Judgment (Docket No. 69) of Magistrate Judge Cohen. With respect to the claims against Defendants Cole and Old Town, the Magistrate Judge posited that Plaintiff was required to prove (1) an agreement with Almy to deprive Plaintiff of his constitutional rights and (2) "that his [Plaintiff's] rights were in fact invaded." *Id.* at 23. He went on to first consider the second issue, whether an invasion of Plaintiff's rights had in fact occurred. *Id.* at 23–28. He concluded that no such invasion had occurred. *Id.* at 28. He did not, therefore, find it necessary to address whether Defendants were entitled to summary judgment on the issue of the existence of a conspiracy between those Defendants and Almy. He stated, "[a]ssuming *arguendo* that Harrington could prove conspiracy to violate his private interests, Cole is entitled to

qualified immunity and Old Town cannot be held liable for the reasons discussed above." *Id.* at 28. Plaintiff objected to the Recommended Decision (Docket No. 70). The Court entered its Order Affirming the Recommended Decision of the Magistrate Judge (Docket No. 73) on April 16, 1991. The Order affirmed the Recommended Decision *as rendered*. Thus *this Court* gave no consideration to whether there was any genuine issue of fact on the existence of a conspiracy between Cole/Old Town and Almy. Judgment entered for Defendants (Docket No. 74). Plaintiff appealed (Docket No. 75).

It apparently was not brought to the attention of the Court of Appeals by counsel that the ability of the issue of the existence of a conspiracy between Cole/Old Town and Almy to survive the challenge of Defendants' Motions for Summary Judgment had never been adjudicated in the District Court. Because not there adjudicated, the issue could not be the subject of the Notice of Appeal and, therefore, could not be before the

fendants object to the amendment as being too long delayed in coming and asserts that prejudice will result to the defense effort if the amendment is allowed.

Federal Rule of Civil Procedure 15(a) requires that, in the circumstances of this case, an amendment of the Complaint be authorized by leave of Court, and it provides that "leave shall be freely given when justice so requires." *Id.*, Fed.R.Civ.P. 15(a). The United States Supreme Court has said in respect to the rule, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claims on the merits." *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). Here, there can be no question but that the factual issue isolated by the Court of Appeals is a viable predicate for a claim for relief against Defendants Cole and Old Town. That Court has now so determined. Further, that is an issue that has been inherent from the beginning in the case under the conspiracy theory that Plaintiff has pleaded up to now. On the existing pleadings, Plaintiff would be *required* to prove, in order to recover, *both* (1) the existence of a conspiracy and (2) that there was, by the demand of Defendant Cole that Plaintiff submit to the penile plethysmograph, an unreasonable intrusion upon Plaintiff's bodily integrity.

Defendants would prevail if Plaintiff did not carry the burden of proof on *both* factual circumstances. Defendants, at trial, would surely put Plaintiff to his proof and would be prepared to mount, with vigor, an assault upon *both* of these factual assertions. The effect of the amendment, if allowed, is to eliminate the conspiracy element of Plaintiff's claims against Defendants Cole and Old Town. The operative question, under the Second Amended Complaint, is not whether those Defendants engaged in concert in constitutionally offensive conduct for which they are liable *because of* their participation in a conspiracy, but simply whether they are directly liable in their own right *for their own* conduct regardless of any concerted action with Defendant Almy.

This Court sees the amendment as reducing Plaintiff's case to its rock-bottom essentials as it is now, with the guidance of the Court of Appeals' analysis, to be seen. The Court concludes that such a reduction to essentials does not occasion any prejudice to Defendant in meeting the truncated case. This is so because the basal claim in issue is one that has been from the beginning inherent in the case as originally pleaded. The Court is not persuaded by defense counsel's assertion that Defendants have prepared to go to trial only on the conspiracy element of the claim. It is unthinkable to the Court

Court of Appeals for appellate review. All of this escaped the attention of the Court of Appeals for aught that appears in the appellate opinion. The Court of Appeals, quite properly, addressed (*vis-a-viz* Defendants Cole and Old Town) only the issue presented (*e.g.*, whether Cole's conduct in making the demand of Plaintiff that he submit to the penile plethysmograph was an invasion of a clearly established constitutional right). It reversed on this issue and remanded the case to this Court for trial on Plaintiff's privacy and substantive due process claims against Defendant Cole and Old Town. It said nothing about, and apparently did not note, the unresolved and outstanding conspiracy issue. In the view of this Court, the proper mandate would have required this Court's adjudication of that issue before putting the matter to trial.

Defendant, in a Status Report (Docket No. 82) required by this Court after the remand, took the position that the conspiracy issue remained outstanding for resolution by this Court on the Motions for Summary Judgment. At a conference of Court and Counsel, on the record, on March 1, 1993, Plaintiff resisted Defendants' position,

claiming that the Court of Appeals had restructured the case, taking the conspiracy element out of it. Plaintiff's counsel was frank to say that he would have great difficulty proving the alleged conspiracy, and he obviously feared that he might not be able to do so.

The Court entered its Procedural Order of March 1, 1993 (Docket No. 93), requiring that Defendants file a motion seeking a ruling on the conspiracy issue and on Plaintiff's assertion that the Court of Appeals' action had removed the issue from the case. Plaintiff's counsel had orally moved at the conference to file an amended complaint to reposition the Plaintiff's case in line with the Court of Appeals' opinion. On March 4, 1993, the Court entered a further Procedural Order (Docket No. 84) governing the timing of the few outstanding items of discovery remaining to be completed and providing for timely filing by Plaintiff of a motion to amend the Complaint. The Order also set the case for jury trial on June 7, 1993. The motion now before the Court is the motion contemplated by the Court's Procedural Order and has been responded to by Defendants.

that in so serious a matter, counsel would elect to defend against only *half of Plaintiff's case.* The history of this litigation and the zeal with which defense interests herein have been pursued, and this Court's awareness of and respect for this defense counsel's professional zeal and sense of strategic judgment fully refute any such likelihood.

The Court concludes that the Second Amended Complaint sets forth facts and circumstances which may be "the proper subject of relief." *Foman,* 371 U.S. at 178, 83 S.Ct. at 227, and that there is no prejudice to Defendants from permitting the amendment at this time, especially in view of the facts that all discovery (except some of that permitted by the Court's Procedural Order of March 4, 1993 (Docket No. 84)) is now complete and that trial is not scheduled to begin until June 7, 1993.

Accordingly, it is hereby *ORDERED* that Plaintiff's Second Motion to Amend the Complaint be, and it is hereby, *GRANTED,* and it is *FURTHER ORDERED* that the remaining Defendants file an Answer thereto within fifteen (15) days of the date of this Memorandum of Decision and Order.